IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN 23 P 1: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

04   11437 PBS

FOUR SEASONS PRODUCE, INC.
P.O. Box 788
Ephrata, Pennsylvania 17522
(717) 336-2800

        Plaintiff

        v.

MIDLAND FARMS STORES, INC.
71 Fuller Road
Colonie, New York 12205
(514) 438-0522

and

MIDLAND FARMS WORCESTER, INC.
105 Washington Street
North Easton, MA 02356
(401) 333-5197

        and

DEMETRIOS E. HASEOTES
80 Fairhaven Road
Cumberland, Rhode Island 02864
(401) 333-5197

        and

DALE STEENBURGH
1528 Wyoming Avenue
Schenectady, NY 12309
(518) 346-0310

        Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No: _____

MAGISTRATE JUDGE Cohen

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. F.O.M
DATE 6/23/04

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

- 1 -

Four Seasons Produce, Inc. ("plaintiff"), for its complaint against defendants, alleges:

## JURISDICTION AND VENUE

1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. §2201.

2.    Venue in this District is based on 28 U.S.C. § 1391 in that (a) plaintiff's claim arose in this District and (b) defendants' principal place of business is in this District.

## PARTIES

3.    Plaintiff, a corporation with its principal place of business in Ephrata, Pennsylvania, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.    a.    Defendant, Midland Farms Stores, Inc. ("Midland Farms"), a New York corporation with its principal place of business in Colonie, New York, is engaged in the business of buying wholesale quantities of perishable agriculture commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

b.    Defendant, Midland Farms Worcester, Inc. ("Midland Farms Worcester"), a Massachusetts corporation with its principal place of business in North Easton, Massachusetts, is a related entity controlled by the same principals, similarly

- 2 -

engaged in the business of buying wholesale quantities of perishable agriculture commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

c.    Defendants, Demetrios E. Haseotes and Dale Steenburgh, were the officers, managers and directors of Midland Farms and Midland Farms Worcester, during the period of time in question who controlled the day to day operations of both corporate entities and were in positions of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

6.    Between April 5, 2004 and May 10, 2004, plaintiff sold to defendants and, pursuant to defendants' instructions, delivered to defendant Midland Farms in New York, in interstate commerce, wholesale amounts of produce worth $66,916.33, which remains unpaid.

7.    Defendants accepted the produce from plaintiff.

8.    At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

- 3 -

9.     Plaintiff preserved its interest in the PACA trust in the amount of $66,916.33 and remains a beneficiary until full payment is made for the produce.

10.    Defendants failed to pay plaintiff as required.  Upon information and belief, defendants closed their New York operations in or about the middle of May, 2004.

11.    Defendants' failure and refusal to pay plaintiff and the closing of their New York operations indicate that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

### Count 1

(Failure to Pay Trust Funds)

12.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.    The failure of defendants to make payment to plaintiff of trust funds in the amount of $66,916.33 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $66,916.33 to plaintiff.

### Count 2

(Failure to Pay For Goods Sold)

14.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.    Defendants failed and refused to pay plaintiff $66,916.33 owed to plaintiff for produce received by defendants from plaintiff.

- 4 -

WHEREFORE, plaintiff requests judgment in the amount of $66,916.33 against the defendants, jointly and severally.

## Count 3

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Demetrios E. Haseotes)

16.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17.     Defendant, Demetrios E. Haseotes, was an officer who operated Midland Farm and Midland Farms Worcester during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

18.     Defendant, Demetrios E. Haseotes, failed to direct the corporations to fulfill their statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

19.     Defendant, Demetrios E. Haseotes' failure to direct the corporations to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

20.     As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Demetrios E. Haseotes in the amount of $66,916.33.

<u>Count 4</u>

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Dale Steenburgh)

21.    Plaintiff incorporates each and every allegation set forth in paragraph 1
to 20 above as if fully set forth herein.

22.    Defendant, Dale Steenburgh, operated Midland Farm and Midland Farms
Worcester during the period of time in question and was in a position of control over
the PACA trust assets belonging to plaintiff.

23.    Defendant, Dale Steenburgh, failed to direct the corporations to fulfill
their statutory duties to preserve PACA trust assets and pay plaintiff for the produce
supplied.

24.    Defendant, Dale Steenburgh's failure to direct the corporation to
maintain PACA trust assets and pay plaintiff for the produce it supplied was an
unlawful dissipation of trust assets by a corporate official.

25.    As a result of said unlawful dissipation of trust assets, plaintiff has been
deprived of its rights as a beneficiary in the produce trust and has been denied
payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant Dale Steenburgh in
the amount of $66,916.33.

<u>Count 5</u>

(Declaratory Judgment)
Midland Farms Worcester

26.    Plaintiff incorporates each and every allegation set forth in paragraphs 1
to 25 above as if fully set forth herein.

- 6 -

27.    Upon information and belief, Midland Farms, Demetrios Haseotes, and Dale Steenburgh transferred PACA trust assets belonging to plaintiff to Midland Farms Worcester.

28.    Said payments to Midland Farms Worcester by defendants were made in breach of defendants' statutory obligations under the trust provisions of the PACA.

29.    Midland Farms Worcester knew or should have known that said payments and transfers were made in breach of defendants' statutory trust obligations under the PACA by virtue of Demetrios E. Haseotes' and Dale Steenburgh's management and control of both entities.

30.    Midland Farms Worcester is presently holding trust assets belonging to plaintiff, which it refuses to turn over to plaintiff.

31.    The retention and receipt by Midland Farms Worcester of trust assets belonging to plaintiffs is a violation of PACA, and the regulations promulgated thereunder, and is unlawful.

32.    An actual controversy exists between the parties.

WHEREFORE, plaintiff requests an order declaring that any assets of Midland Farms Worcester acquired and/or retained with funds transferred by defendants are PACA trust assets belonging to plaintiff and directing Midland Farms Worcester to disgorge and transfer any and all PACA trust assets to plaintiff, and entering judgment against defendant Midland Farms Worcester in the amount of $66,916.33.

<u>Count 6</u>

(Interest and Attorney's Fees)

33.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 32 above as if fully set forth herein.

34.    As a result of defendants' failure to make full payment promptly of $66,916.33, plaintiff has lost the use of said money.

35.    As a further result of defendants' failure to make full payment promptly of $66,916.33, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

36.    On June 13, 2002, defendant Midland Farms entered into a Credit Agreement with Four Seasons in which it agreed to pay prejudgment interest and the costs of collection, including attorneys fees, if legal action was necessary to collect payment of any invoices.  A copy of the Credit Agreement is attached hereto as Exhibit A.

WHEREFORE, plaintiff requests judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 22 day of June, 2004

McCARRON & DIESS                        FLOOD & HARTIGAN

By: _____        By: _____
Mary Jean Fassett                          John J. Hartigan
4910 Massachusetts Ave N.W.            81 Bridge Street
Suite 18                                        Lowell, Massachusetts 01852
Washington, D.C. 20016                   (978) 441-9900
(202) 364-0400                               (978) 937-5383-fax
(202) 364-2731-fax                          j.hartigan@flood-hartigan.com
mjf@mccarronlaw.com                     Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Four Seasons Produce, Inc., v.
Midland Farms Stores, Inc., et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

☒ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

☐ V.    150, 152, 153.

*Also complete AO 120 or AO 121
for patent, trademark or copyright cases

04   11437 PBS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

Don Shapiro Inc. v. Capitol Food Corp. of Fields Corner,
Civil No. 03 12315 PBS

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☒    NO ☐

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  John J. Hartigan, Esq.

ADDRESS  Flood & Hartigan, 81 Bridge St., Lowell, MA 01852

TELEPHONE NO.  978-441-9900

(Coversheetlocal.wpd - 10/17/02)

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Four Seasons Produce, Inc.

**DEFENDANTS**

Midland Farms Stores, Inc.
Midland Farms Worcester, Inc.
Demetrios Haseotes & Dale Steenburgh

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John J. Hartigan
81 Bridge Street
Lowell, MA 01852 978-441-9900

Attorneys (If Known)
Michael Kelly, Esq.
55 Pine Street, #5000
Providence, RI 02903

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☑ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  (Indicate Citizenship of Parties
  in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☑ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ / Habeas Corpus: | | or Defendant) | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | / ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Enforcement of statutory trust under Perishable Agricultural Commodities
Act, 7 U.S.C. 499e(c)(4)

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
66,916,133

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☑ No

**VIII. RELATED CASE(S)
IF ANY**
(See
instructions):
JUDGE _____  Civil No. 03 12315 PBS  DOCKET NUMBER _____

DATE 6-22-04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____