IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FOUR SEASONS PRODUCE INC.,

    Plaintiff

v.

MIDLAND FARMS STORES, INC., et al

    Defendants

Civil Action No: _____

04 11437 PBS

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE

Plaintiff, Four Seasons Produce, Inc., submits this memorandum in support of its Motion for Temporary Restraining Order With Notice pursuant to Fed. R. Civ. P. 65. Submitted herewith in support of plaintiff's motion is the affidavit of the plaintiff's president.

### INTRODUCTION

Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

Defendant Midland Farms Stores, Inc. ("Midland Farms") is a corporation located in Colonie, New York, and is and was at all times pertinent herein, a dealer of produce subject to the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq., ("PACA"). Defendant Midland Farms Worcester, Inc. ("Midland Worcester") is a related corporation located in North Easton, Massachusetts, and is and was at all times pertinent herein, a dealer of

produce subject to the PACA. Upon information and belief, defendants, Demetrios E. Haseotes and Dale Steenburgh are the officers and directors of Midland Farms and Midland Worcester who directed the day-to-day operations of the defendant corporations during the period of time in question.

Plaintiff seeks enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations"). The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5)(i).

## THE PACA TRUST

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a <u>statutory trust</u> on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2); <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000); <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made. <u>Id.</u> The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against

the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR § 46.46(d)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR § 46.46(a)(2)), is forbidden. 7 CFR § 46.46(d)(i).

## BACKGROUND OF THIS ACTION AND THE INSTANT APPLICATION

Plaintiff is a wholesaler of produce located in Ephrata, Pennsylvania, which sold wholesale quantities of produce to defendants in the unpaid, collective amount of $66,916.33 of which $66,916.33 qualifies for trust protection.

Plaintiff is a beneficiary of the statutory trust which defendants are required to maintain until full payment is made to plaintiff for the produce.

Defendants are past due in paying plaintiff for the produce. Defendants have acknowledged they owe the debt to plaintiff but refuse to pay for the same. Defendants have also advised plaintiff that they are experiencing severe cash flow problems, have closed their New York operations, and are unable to

pay plaintiff for the produce they supplied. Defendants' failure and refusal to pay plaintiff show that defendants are failing to maintain the trust required by statute, and the trust assets will continue to be dissipated unless the relief requested is granted.

ENTITLEMENT TO TEMPORARY
RESTRAINING ORDER

The standard for granting injunctive relief in the First Circuit requires the moving party to show: (1) a substantial likelihood of success on the merits, (2) irreparable harm if an injunction is not granted, (3) the benefits of the injunction outweigh the harm to defendants, and (4) the issuance of the injunction will not harm the public interest. Bercovitch v. Baldwin School Inc., 133 F.3d 141, 151 (1st Cir. 1998); EEOC v. Astra USA, 94 F.3d 738, 742 (1st Cir. 1996); Largess v. Supreme Judicial Court for Mass., 2004 U.S. Dist. LEXIS 8461, 7-8 (D. Mass. 2004). The facts in this case show that plaintiff is entitled to the requested relief.

> 1. Plaintiff Is A Trust Beneficiary Entitled To Enforce The PACA Trust -- The Likelihood That Plaintiff Will Prevail On The Merits Is Great

Plaintiff's entitlement to the relief requested so as to enable it to enforce the trust provisions of PACA and the PACA regulations to secure its trust claim for $66,916.33 is clear. First, plaintiff is a supplier or seller of wholesale quantities of produce. Second, plaintiff sold to defendants, in interstate commerce, wholesale quantities of produce valued at $66,916.33 which is

past due and unpaid. Third, plaintiff properly preserved its status as a trust creditor of defendants under PACA by issuing and serving trust notices on the respective defendant corporation as required by 7 U.S.C. §499e(c)(3). Fourth, defendants are dissipating trust assets in that they have failed to pay plaintiff for the produce plaintiff supplied despite repeated demands for payment, and they have advised plaintiff that they cannot pay plaintiff, and have closed their New York operations.

    2. Plaintiff Would Be Irreparably Injured Were Defendants Not Ordered To Immediately Comply With The PACA Trust Act.

In the absence of preliminary relief, there will be no assets in the statutory trust. Loss of such assets would be irreparable because plaintiff will not be able to recover the trust assets once they are dissipated, and plaintiff would be forever excluded as a beneficiary of the statutory trust. H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

    3. Possible Harm To Defendants Is Slight Or Nonexistent.

By enjoining defendants from dissipating trust assets, defendants would only be required to fulfill the duties imposed by statute. Requiring

fulfillment of such a duty cannot be harmful as a matter of law. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140.

### 4. The Public Interest Favors Granting An Injunction.

The trust provision specifically declares that the Congressional intent behind its passage is to protect the public interest and to remedy the burden on commerce cause by receivers who do not pay for produce. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140. 7 U.S.C. §499e(c)(1). Therefore, the public interest favors granting an injunction.

### 5. Caselaw Supports Plaintiffs' Entitlement To An Injunction.

Caselaw supports plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140 (irreparable injury established and injunction should issue upon a showing that the trust was depleted and payment was not readily forthcoming); Frio Ice, S.A. v. Sunfruit, Inc., supra, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D.Cal. 1990).

Finally, no bond should be required because defendants already have $66,916.33 worth of trust assets from plaintiff as security for the issuance of a Temporary Restraining Order.

For the foregoing reasons, plaintiff respectfully submits that its Motion for Temporary Restraining Order With Notice should be granted.

Dated this _____ day of June, 2004.

|  |  |
|---|---|
| McCARRON & DIESS | FLOOD & HARTIGAN |
| By:_____ | By:_____ |
| Mary Jean Fassett | John J. Hartigan |
| 4910 Massachusetts Ave N.W. | 81 Bridge Street |
| Suite 18 | Lowell, Massachusetts 01852 |
| Washington, D.C. 20016 | (978) 441-9900 |
| (202) 364-0400 | (978) 937-5383-fax |
| (202) 364-2731-fax | j.hartigan @flood-hartigan.com |
| mjf@mccarronlaw.com | Attorneys For Plaintiff |