IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FOUR SEASONS PRODUCE, INC.

    Plaintiff

v.

MIDLAND FARM STORES, INC., et al

    Defendants

Civil Action No: _____

04 11437 PBS

### AFFIDAVIT IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

STATE OF PENNSYLVANIA
COUNTY OF Lancaster

James L. Horning, being duly sworn, deposes and says:

1. I am the Credit Coordinator of Four Seasons Produce, Inc. ("Four Seasons"), and make this Affidavit in support of an application for emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2. I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

3. Four Seasons is a company located in Ephrata, Pennsylvania, which sells wholesale quantities of perishable agricultural commodities (hereafter "produce"). Four Seasons is a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499a *et. seq.* (hereafter "PACA").

4. a. Midland Farms Stores, Inc. ("Midland Farms") is a produce dealer as defined by 7 U.S.C. § 499a and operates subject to the PACA.

b. Midland Farms Worcester, Inc. ("Midland Farms Worcester") is a produce dealer as defined by 7 U.S.C. § 499a and operates subject to the PACA.

c. Upon information and belief, Demetrios Haseotes and Dale Steenburgh are the members or officers and directors of Midland Farm and Midland Farms Worcester and were responsible for the entities' day-to-day operations during the time in question.

5. The sales and accounts receivable records of Four Seasons, including invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

6. My responsibilities include monitoring the sale of perishable agricultural commodities, including those sales that are the subject of this dispute. My responsibilities also include supervising collection of the accounts receivable for such sales, including the Midland Farm/Midland Farms Worcester account which is the subject of the present motion. I have custody and control of the sales and accounts receivable records of Four Seasons as they relate to Midland Farm/Midland Farms Worcester and I am thoroughly familiar with the manner in which those records are compiled.

7. Between April 5, 2004 and May 11, 2004, Four Seasons sold and delivered to defendants, in interstate commerce, various wholesale lots of produce worth $66,916.33 which remains unpaid. Pursuant to defendants' instructions, the produce was delivered to Midland Farm in New York while the billing statements were delivered to

Midland Farms Worcester. An itemized statement of account listing the outstanding invoices is attached hereto as Exhibit 1.

8. Defendants accepted the produce received from Four Seasons.

9. Four Seasons preserved its interest in the PACA trust in the unpaid amount of $66,916.33 by timely delivering invoices to defendants, which contained the language required under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). Copies of the unpaid invoices at issue are attached hereto as Exhibit 2.

10. Defendants are obligated to hold in trust all produce-related assets received from the sale of produce in order to pay $66,916.33 to Four Seasons.

11. Defendants have repeatedly promised to pay but have not done so.

12. I have repeatedly attempted to contact the officers at Midland Farms and Midland Farms Worcester to discuss payment. I have been told by Dale Steenburgh and Jim Haseotes that Midland Farms and Midland Farms Worcester are experiencing severe cash flow problems due to the closing of Midland Farm's New York operations, but that payment to Four Seasons would be forthcoming. No payment has been forthcoming.

13. Defendants' failure and inability to pay and the closing of their New York operations demonstrate that defendants are failing to maintain sufficient assets in the statutory trust and are dissipating assets.

14. Unless the assets of the defendant corporations are frozen, it is likely the trust assets will continue to be dissipated. As a result, Four Seasons will suffer immediate and irreparable harm because it will lose the trust assets and rights that are owed under the statute.

15. No provisional remedy has been secured or sought in this action, and no prior application has been made for the same or similar relief as is sought herein.

I do solemnly declare under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

FOUR SEASONS PRODUCE, INC.

By: *James L. Horning*
James L. Horning, Credit Coordinator

Subscribed and sworn to before me this 18th day of June, 2004.

*Linda F. Zwally*
Notary Public

My Commission Expires: 10/7/06

> Notarial Seal
> Linda F. Zwally, Notary Public
> East Cocalico Twp., Lancaster County
> My Commission Expires October 7, 2006
>
> Member, Pennsylvania Association Of Notaries