IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR SEASONS PRODUCE, INC. : | |
| Plaintiff : | |
| v. : | Civil Action No: 04-11437-pbs |
| MIDLAND FARMS STORES, INC., et al : | |
| Defendants : | |

**STIPULATION AND ORDER**

Plaintiff, Four Seasons Produce, Inc., and Defendants, Midland Farms Stores, Inc., Midland Farms Worcester, Inc., Demetrios E. Haseotes, and Dale Steenburgh, by and through their respective undersigned attorneys and authorized representatives, hereby stipulate and agree to settle this matter on the terms set forth below, and the Court hereby approves this Stipulation and enters the Order thereon.

1. Plaintiff is a trust creditor under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c), against defendants, Midland Farms Stores, Inc., and Midland Farms Worcester, Inc., on a debt in the amount of $66,916.33, plus attorneys fees of $3,500.00, for a total debt of $70,416.33.

2. Defendants, Midland Farms Stores, Inc. and Midland Farms Worcester,

outstanding invoices and shall be made either by **wire transfer** to McCarron & Diess or by **certified check, cashiers check or money order** made payable to Four Seasons Produce, Inc. and delivered to McCarron & Diess, 4910 Massachusetts Avenue, N.W., Suite 18, Washington, D.C. 20016, on the date payment is due. Defendant Midland Farms Stores, Inc., shall have a three business day grace period to make said payments.

3. Defendants may prepay the debt owed to plaintiff at any time without penalty.

4. To secure the payment of said amount, defendants, Midland Farms Stores, Inc., Midland Farms Worcester, Inc., Demetrios E. Haseotes, and Dale Steenburgh, have executed a Joint Motion for Entry of Preliminary Injunction Order and Judgment, which will be held in escrow by the attorneys for the Plaintiff unless there is a default that has not been cured in accord with the terms set forth below in paragraph 5. (A copy of the Joint Motion for Entry of Preliminary Injunction Order and Judgment and Proposed Preliminary Injunction Order and Judgment are attached.)

5. If there is a default in the payment of any of the installment payments referenced in paragraph two (2), the aforesaid principal sum above mentioned, or any balance that may appear to be unpaid thereon, together with all costs and

Plaintiff, upon the filing of an affidavit as to such default by Plaintiff's attorney with the Court with a copy thereof to defendants, shall be entitled to file the previously executed Joint Motion for Entry of Preliminary Injunction Order and Judgment and obtain a Preliminary Injunction and Judgment against defendants, Midland Farms Stores, Inc., Midland Farms Worcester, Inc., Demetrios E. Haseotes, and Dale Steenburgh, under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) for the full amount of the debt.

6. Nothing herein, including the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by the Plaintiff to Defendants, or as a waiver of the Plaintiff's rights under the statutory trust provision of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c). Plaintiff's rights under this Stipulation And Order are in addition to its rights under said trust provision.

7. Upon receipt of the full payment of $70,416.33, in accordance with the terms set forth herein, Plaintiff shall prepare and file a Stipulation to Dismiss With Prejudice with this Court, and issue a General Release in favor of Defendants.

Dated this 30th day of June, 2004.

IT IS SO STIPULATED.

and

Mary Jean Fassett, *Pro Hac Vice*
McCarron & Diess
4910 Massachusetts Ave., N.W. #18
Washington, DC 20016
(202) 364-0400
Counsel for Plaintiff

**SO ORDERED** this ___30___ day of _____June_____, 2004.

_____
U.S. District Court Judge

5. Nothing herein, including the installment nature of the payments being made hereunder, shall be deemed, interpreted or otherwise construed as an extension of credit by the Plaintiff to Defendants, or as a waiver of the Plaintiff's rights under the statutory trust provision of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c). Plaintiff's rights under this Stipulation And Order are in addition to their rights under said trust provision.

6. Upon receipt of the full payment of $9,153.97 in accordance with the terms set forth herein, Plaintiff shall prepare and file a Stipulation to Dismiss With Prejudice with this Court, and issue a General Release in favor of Defendant.

7. This action shall be administratively closed subject to reopening to enforce the default provisions contained herein. This Court shall retain jurisdiction to enforce the default provisions herein.

Dated this ____ day of June, 2004.

IT IS SO STIPULATED.

_____
Michael A. Kelly
Law Offices of Michael A. Kelly
55 Pine Street, Ste. 5000
Providence, RI 02903
(401) 490-7334
Counsel for Defendants

_____
John J. Hartigan
Flood & Hartigan
81 Bridge Street
Lowell, MA 01852
(978) 441-9900
Counsel for Plaintiff