IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 20  P 1: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

FOUR SEASONS PRODUCE, INC.          :

         Plaintiff          :

v.          : Civil Action No: 04-11437-pbs

                   :

MIDLAND FARMS STORES, INC., et al          :

         Defendants          :

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY AN ORDER OF CIVIL CONTEMPT SHOULD NOT BE ISSUED AGAINST DEFENDANTS

Plaintiff, Four Seasons Produce, Inc., submits this memorandum in support of its Motion To Show Cause Why An Order Of Civil Contempt Should Not Be Issued Against Defendants.

### INTRODUCTION

On June 22, 2004, Plaintiff commenced this action against Defendants to enforce its rights under the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). The Court issued a Preliminary Injunction Order and Judgment ("the Order") on September 7, 2004[1], prohibiting Defendants from alienating, dissipating, paying over or assigning any assets of Midland Farms Stores, Inc. or Midland Farms Worcester, Inc., except for payment to plaintiff of the balance owed plaintiff

---

[1] The Preliminary Injunction Order and Judgment was originally entered on June 30, 2004, in error when the parties entered into a Stipulation and Order. Defendants subsequently defaulted under the payment terms set forth in the Stipulation and Order and the Preliminary Injunction Order and Judgment was re-entered by the Court on September 7, 2004.

3

until further order of the Court. The Order further requiring Defendants to provide a current accounts receivable aging report and a detailed listing of all outstanding accounts receivable and accounts payable of Midland Farms Stores, Inc. and Midland Farms Worcester, Inc., and their related entities, an accounts paid report, and all other assets held in the name of Midland Farms Stores, Inc. and Midland Farms Worcester, Inc., and their related entities to Plaintiff's counsel within five (5) business days of the Order. Pursuant to the Order, on July 30, 2004, Plaintiff sent a copy of the Order to defendants' counsel via facsimile and to defendants via overnight delivery. Pursuant to the Order re-entered on September 7, 2004, Plaintiff sent a copy of the Order on September 30, 2004, to defendants' counsel via facsimile and to defendants via overnight delivery. On September 27, 2004, Defendant Haseotes admitted to plaintiff's counsel that the defendant corporate entities have been operating and monies paid to other creditors since the Order was originally entered on June 30, 2004. See letter of September 30, 2004, attached hereto as Exhibit A. A partial payment of $20,000.00 was received on September 30, 2004 from defendants, leaving a remaining balance due and owing of $34,963.98.

Defendants have failed to pay plaintiff in full yet have continued to operate in contravention of the Court's Order. In addition, Defendants have failed to provide the specific information required by the Order, and have failed to show any valid reason why they have not complied with the Order of June 30, 2004, re-entered on September 7, 2004.

## DISCUSSION

### Civil Contempt

A court's power to punish contempt is an inherent and integral element of its power to assert its authority by order or decree. See *Interstate Commerce Commission v. Brinson*, 154 U.S. 447 (1894). The inherent power of courts to punish a contempt of its authority is tempered by 18 U.S.C. § 401. 18 U.S.C. § 401 provides as follows:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none others, as
> (1)    Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2)    Misbehavior of any of its officers in their official transactions;
> (3)    Disobedience or resistance to its lawful writ, process, order, rule decree or command.

The purpose of a civil contempt proceeding is to coerce compliance with the orders of the court and/or to compensate complainant for losses sustained by the contemner's conduct. *United States v. Professional Air Traffic Controlling Org.*, 678 F.2d 1 (1st Cir. 1982) *citing United States v. United Mine Workers*, 330 U.S. 258, 302 (1947). Coercion may be achieved by imprisonment of the contemner until he purges himself of the contempt, and/or by a prospective, conditional fine. *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29 (1st Cir. 1980).

A court may hold a party in civil contempt when "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently

5

attempted in a reasonable manner to comply." *N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989), *citing EEOC v. Local 638, Local 28 of Sheet Metal Workers Int'l. Ass'n.*, 753 F.2d 1172, 1178 (2d Cir. 1985), *aff'd* 478 U.S. 421 (1986). These requirements are clearly satisfied in this case.

The Order issued on June 30, 2004, which was re-entered on September 7, 2004, is clear and unambiguous. It ordered Defendants not to alienate, dissipate, pay over or assign any assets of Midland Farms Stores, Inc. or Midland Farms Worcester, Inc., except for payment to plaintiff. It further directed Defendants to provide a current accounts receivable aging report and a detailed listing of all outstanding accounts receivable and accounts payable of Midland Farms Stores, Inc. and Midland Farms Worcester, Inc., and all other assets held in the name of these defendants or their related entities to Plaintiff's counsel within five (5) business days of the Order. Defendants have blatantly failed to comply with the Order in any respect. Specifically, Defendants have continued to operate while failing to pay plaintiff the balance owed, and have failed to provided any of the required documents in the Order. Plaintiff submits that the proof of non-compliance has been established by clear and convincing evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to issue an Order to Show Cause Why an Order for Civil Contempt Should Not Be Issued Against Defendants.

Dated this 20ᵗʰ day of October, 2004.



John J. Hartigan
Flood & Hartigan
81 Bridge Street
Lowell, MA 01852
(978) 441-9900

and

Mary Jean Fassett, *Pro Hac Vice*
McCarron & Diess
4910 Massachusetts Ave., N.W. #18
Washington, DC 20016
(202) 364-0400
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt was mailed, postage prepaid, this 20ᵗʰ day of October, 2004, to Michael A. Kelly, Esq., 55 Pine Street, Suite 5000, Providence, Rhode Island 02903.

John J. Hartigan

## McCARRON & DIESS

THE MILLER BUILDING
4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*□
Mary Jean Fassett*°

mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
° Also admitted in VA
□ Not admitted in DC

September 30, 2004

**_VIA FACSIMILE (401) 490-7874_**

Michael A. Kelly, Esq.
55 Pine Street
Suite 5000
Providence, Rhode Island 02903

> **_RE: Four Seasons Produce, Inc. v. Midland Farms_**
>      **_Civil Action No. 1:04-CV-11437_**

Dear Mr. Kelly:

Please find attached a copy of the Preliminary Injunction and judgment which was re-entered by the Court on 9-7-04. Be advised that despite numerous promises, no monies have been tendered in payment of the Four Seasons judgment, the payoff amount of which is $54,963.98. In addition, no documents or records have been provided to plaintiff's counsel in contravention of the preliminary injunction. Finally, defendant Haseotes admitted to me this week that Midland is operating and monies are being paid to other creditors.

Our Motion for Contempt will be filed shortly. Please govern yourself accordingly.

Very Truly Yours,

Mary Jean Fassett

Enclosure
cc:  John J. Hartigan (via facsimile 978-937-5383)
     Demetrios Haseotes
     Dale Steenburgh

EXHIBIT_____*A*_____

```
┌─────────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT          │
└─────────────────────────────────────────┘
                                    TIME : 09/30/2004 13:22
                                    NAME : MCCARRON AND DIESS
                                    FAX  : 2023642731
                                    TEL  : 2023640400
                                    SER.# : BROL1J759673
```

```
DATE,TIME                 09/30  13:20
FAX NO./NAME              14014907874
DURATION                  00:01:32
PAGE(S)                   06
RESULT                    OK
MODE                      STANDARD
```

# McCARRON & DIESS
### THE MILLER BUILDING
4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*□
Mary Jean Fassett*°

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

\* Also admitted in MD
° Also admitted in VA
□ Not admitted in DC

## FACSIMILE COVER SHEET

DATE:               September 30, 2004

ATTENTION:          Michael A. Kelly, Esq.

FAX NUMBER:         401-490-7874

FROM:               Mary Jean Fassett

CC:                 Jay Hartigan (978-937-5383)

NO. OF PAGES INCLUDING COVER SHEET:  6

FAX OPERATOR:       MJF

RE:                 Four Seasons v. Midland

REMARKS:

From:   Origin ID:  (202)364-0400
S.ROSS
MCCARRON & ASSOCIATES
4910 MASSACHUSETTS AVENUE, NW
SUITE 18
WASHINGTON, DC 20016


FedEx.
Express

**E**

CLSG8280405/04

Ship Date: 30SEP04
Actual Wgt: 1 LB
System#: 3069228/INET1900
Account#: S *********

REF: four seasons/midland



Delivery Address Bar Code

SHIP TO:   (401)333-5197      BILL SENDER
**Demetrios Haseotes**

**Midland Farms**
**80 Fairhaven Road**
**Cumberland, RI 02864**



**STANDARD OVERNIGHT**              **FRI**

Deliver By:
TRK#   **7902  8952  6273**   FORM    01OCT04
                               0201
                                        **PVD**   AA

**02864**   -RI-US

**EN WSTA**

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Search

| Package/Envelope Services | Office / Print Services | Freight Services | Expedited Servi |

| Ship | Track | Manage My Account | International Tools |

## Track Shipments
## Detailed Results

🖃 Printable Version    ❓ Quick Help

**You can also track:**
- FedEx Trac shipments
- By Email Tr
- By FedEx V Solutions

| | | | |
|---|---|---|---|
| **Tracking number** | 790289526273 | **Reference** | four seasons/midland |
| **Signed for by** | Signature release on file | **Delivery location** | CUMBERLAND, RI |
| **Ship date** | Sep 30, 2004 | **Delivered to** | Residence |
| **Delivery date** | Oct 1, 2004 12:01 PM | **Service type** | Standard Envelope |
| | | **Weight** | 1.0 lbs. |

| **Status** | Delivered |
|---|---|

Wrong Address? Reduce future mistal FedEx Address Chec

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Oct 1, 2004** | 12:01 PM | **Delivered** | CUMBERLAND, RI | Left at front door. No signature required - release waiver on file Departed location |
| | 8:46 AM | In transit | NEWARK, NJ | |
| | 8:22 AM | On FedEx vehicle for delivery | WARWICK, RI | |
| | 7:44 AM | At local FedEx facility | WARWICK, RI | |
| | 12:27 AM | In transit | NEWARK, NJ | |
| **Sep 30, 2004** | 9:24 PM | Left origin | WASHINGTON, DC | |
| | 6:03 PM | Picked up | WASHINGTON, DC | |
| | 12:29 PM | Package data transmitted to FedEx; package not in FedEx possession | | |

**Shipping Freight?** FedEx has LTL, air surface and air exp multi piece package and ocean freight.

[ Signature proof ]    [ Track more shipments ]

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click **Send email**.

From

Add a message to this email.

To

[ Send email ]

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy

This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2004 FedEx

From: Origin ID: (202)364-0400
S.ROSS
MCCARRON & ASSOCIATES
4910 MASSACHUSETTS AVENUE, NW
SUITE 18
WASHINGTON, DC 20016


FedEx
Express

E

CL8012804J5/04

SHIP TO:   (518)346-0310          BILL SENDER
**Dale Steenburgh**

**1528 Wyoming Avenue**

**Schenectady, NY 12309**



Ship Date: 30SEP04
Actual Wgt: 1 LB
System#: 3069228/INET1900
Account#: S *********

REF: four seasons/midland


Delivery Address Bar Code

**STANDARD OVERNIGHT**                                    **FRI**

Deliver By:
TRK#   **7927  4325  9477**      FORM       01OCT04
                                 0201
                                           **ALB**      A1

**12309**     -NY-US

**EB SCHA**

Shipping Label: Your shipment is complete
1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



United States Home

Information Center | Custom

Search

Package / Envelope Services | Office Print Services | Freight Services | Expedited Serv

Ship | **Track** | Manage My Account | International Tools

Track Shipments
## Detailed Results

(📧) Printable Version   (?) Quick Help

You can also track:
- FedEx Trac shipments
- By Email Tr
- By FedEx V Solutions

| | | | | |
|---|---|---|---|---|
| **Tracking number** | 792743259477 | **Reference** | four seasons/midland | |
| **Signed for by** | Signature release on file | **Delivery location** | SCHENECTADY, NY | |
| **Ship date** | Sep 30, 2004 | **Delivered to** | Residence | |
| **Delivery date** | Oct 1, 2004 1:24 PM | **Service type** | Standard Envelope | |
| | | **Weight** | 1.0 lbs. | |
| **Status** | Delivered | | | |

Wrong Address?
Reduce future mistal
FedEx Address Chec

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Oct 1, 2004** | 1:24 PM | **Delivered** | SCHENECTADY, NY | Left at front door. No signature required - release waiver on file |
| | 7:55 AM | On FedEx vehicle for delivery | MENANDS, NY | |
| | 7:06 AM | At local FedEx facility | MENANDS, NY | |
| | 12:27 AM | In transit | NEWARK, NJ | |
| **Sep 30, 2004** | 9:24 PM | Left origin | WASHINGTON, DC | |
| | 6:03 PM | Picked up | WASHINGTON, DC | |
| | 12:31 PM | Package data transmitted to FedEx; package not in FedEx possession | | |

Shipping Freight?
FedEx has LTL, air
surface and air exp
multi piece packagi
and ocean freight.

[ Signature proof ]   [ Track more shipments ]

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click **Send email**.

Add a message to this email.

From

To

[ Send email ]

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2004 FedEx

From:   Origin ID:  (202)364-0400
S.ROSS
MCCARRON & ASSOCIATES
4910 MASSACHUSETTS AVENUE, NW
SUITE 18
WASHINGTON, DC 20016



Ship Date: 12OCT04
Actual Wgt: 1 LB
System#: 3069228/INET1900
Account#: S *********

REF: Four Seasons/Midland



Delivery Address Bar Code

SHIP TO:   (978)441-9900       **BILL SENDER**

**John J. Hartigan, Esq.**
**Flood & Hartigan**
**81 Bridge Street**

**Lowell, MA 01852**



**STANDARD OVERNIGHT**                    **WED**

Deliver By:
TRK#   **7907  9460  7332**   FORM 0201   **13OCT04**

**BOS**   A2

**01852**   -MA-US

**ZB FOXA**

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/cgi-bin/ship_it/unity/4GeVv2AgSs3AgTz0GeRv2FfWr4AcQq2E...   10/12/2004