IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FOUR SEASONS PRODUCE, INC.

    Plaintiff

v.                                 Civil Action No: 04-11437-pbs

MIDLAND FARMS STORES, INC., et al

    Defendants

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY AN ORDER OF CIVIL CONTEMPT SHOULD NOT BE ISSUED AGAINST DEFENDANTS

Plaintiff, Four Seasons Produce, Inc., submits this memorandum in support of its Motion To Show Cause Why An Order Of Civil Contempt Should Not Be Issued Against Defendants.

### INTRODUCTION

On June 22, 2004, Plaintiff commenced this action against Defendants to enforce its rights under the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). The Court issued a Preliminary Injunction Order and Judgment ("the Order") on September 7, 2004[1], prohibiting Defendants from alienating, dissipating, paying over or assigning any assets of Midland Farms Stores, Inc. or Midland Farms Worcester, Inc., except for payment to plaintiff of the balance owed plaintiff

---

[1] The Preliminary Injunction Order and Judgment was originally entered on June 30, 2004, in error when the parties entered into a Stipulation and Order. Defendants subsequently defaulted under the payment terms set forth in the Stipulation and Order and the Preliminary Injunction Order and Judgment was re-entered by the Court on September 7, 2004.

3

until further order of the Court. The Order further requiring Defendants to provide a current accounts receivable aging report and a detailed listing of all outstanding accounts receivable and accounts payable of Midland Farms Stores, Inc. and Midland Farms Worcester, Inc., and their related entities, an accounts paid report, and all other assets held in the name of Midland Farms Stores, Inc. and Midland Farms Worcester, Inc., and their related entities to Plaintiff's counsel within five (5) business days of the Order. Pursuant to the Order, on July 30, 2004, Plaintiff sent a copy of the Order to defendants' counsel via facsimile and to defendants via overnight delivery. Pursuant to the Order re-entered on September 7, 2004, Plaintiff sent a copy of the Order on September 30, 2004, to defendants' counsel via facsimile and to defendants via overnight delivery. On September 27, 2004, Defendant Haseotes admitted to plaintiff's counsel that the defendant corporate entities have been operating and monies paid to other creditors since the Order was originally entered on June 30, 2004. See letter of September 30, 2004, attached hereto as Exhibit A. A partial payment of $20,000.00 was received on September 30, 2004 from defendants, leaving a remaining balance due and owing of $34,963.98.

On October 20, 2004, plaintiff filed a Motion for Order to Show Cause Why an Order of Civil Contempt Should Not Be Issued Against Defendants based on defendants' failure to pay plaintiff in full while continuing to operate, and failure to provide the specific financial information required by the Court's Order. A hearing on the Motion was scheduled for November 30, 2004. Defendants made partial payments totaling $15,000.00 prior to the November

4

30, 2004 hearing date, and provided plaintiff's counsel with documentation on defendants' accounts payable on November 8, 2004. No documents on defendants' accounts receivables or other assets have ever been provided to plaintiff despite repeated demand for the same.

On the morning of November 30, 2004, defendants made another partial payment of $5,000.00, reducing the balance owed to $14,963.98. In return for removing the Motion from the court's docket, defendants agreed to pay $5,000.00 on or by December 3, 2004, and pay the balance of $9,963.98 on or before December 22, 2004. See Exhibit B, Letter of December 1, 2004. Defendants failed to make the agreed payment due on December 3, 2004, and have failed to provide any explanation for the same.

Defendants have failed to pay plaintiff in full yet have continued to operate in contravention of the Court's Order. In addition, Defendants have failed to provide the specific information required by the Order, and have failed to show any valid reason why they have not complied with the Order of June 30, 2004, re-entered on September 7, 2004.

## DISCUSSION

### Civil Contempt

A court's power to punish contempt is an inherent and integral element of its power to assert its authority by order or decree. See *Interstate Commerce Commission v. Brinson*, 154 U.S. 447 (1894). The inherent power of courts to punish a contempt of its authority is tempered by 18 U.S.C. § 401. 18 U.S.C. §401 provides as follows:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none others, as
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule decree or command.

The purpose of a civil contempt proceeding is to coerce compliance with the orders of the court and/or to compensate complainant for losses sustained by the contemner's conduct. *United States v. Professional Air Traffic Controlling Org.*, 678 F.2d 1 (1st Cir. 1982) *citing United States v. United Mine Workers*, 330 U.S. 258, 302 (1947). Coercion may be achieved by imprisonment of the contemner until he purges himself of the contempt, and/or by a prospective, conditional fine. *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29 (1st Cir. 1980).

A court may hold a party in civil contempt when "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989), *citing EEOC v. Local 638, Local 28 of Sheet Metal Workers Int'l. Ass'n.*, 753 F.2d 1172, 1178 (2d Cir. 1985), *aff'd* 478 U.S. 421 (1986). These requirements are clearly satisfied in this case.

The Order issued on June 30, 2004, which was re-entered on September 7, 2004, is clear and unambiguous. It ordered Defendants not to

6

alienate, dissipate, pay over or assign any assets of Midland Farms Stores, Inc. or Midland Farms Worcester, Inc., except for payment to plaintiff. It further directed Defendants to provide a current accounts receivable aging report and a detailed listing of all outstanding accounts receivable and accounts payable of Midland Farms Stores, Inc. and Midland Farms Worcester, Inc., and all other assets held in the name of these defendants or their related entities to Plaintiff's counsel within five (5) business days of the Order. Defendants have blatantly failed to comply with the Order in any respect. Specifically, Defendants have continued to operate while failing to pay plaintiff the balance owed, and have failed to provided any of the required documents in the Order. Plaintiff submits that the proof of non-compliance has been established by clear and convincing evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to issue an Order to Show Cause Why an Order for Civil Contempt Should Not Be Issued Against Defendants.

Dated this 10<sup>t</sup> day of December, 2004.

John J. Hartigan
Flood & Hartigan
81 Bridge Street
Lowell, MA 01852
(978) 441-9900

and

7

Mary Jean Fassett, *Pro Hac Vice*
McCarron & Diess
4910 Massachusetts Ave., N.W. #18
Washington, DC 20016
(202) 364-0400
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt was mailed, postage prepaid, this 10th day of December, 2004, to Michael A. Kelly, Esq., 55 Pine Street, Suite 5000, Providence, Rhode Island 02903.

_____
John J. Hartigan

## McCARRON & DIESS
THE MILLER BUILDING
4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*▫
Mary Jean Fassett*°

mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

\* Also admitted in MD
° Also admitted in VA
▫ Not admitted in DC

September 30, 2004

<u>VIA FACSIMILE (401) 490-7874</u>

Michael A. Kelly, Esq.
55 Pine Street
Suite 5000
Providence, Rhode Island 02903

RE: Four Seasons Produce, Inc. v. Midland Farms
Civil Action No. 1:04-CV-11437

Dear Mr. Kelly:

Please find attached a copy of the Preliminary Injunction and judgment which was re-entered by the Court on 9-7-04. Be advised that despite numerous promises, no monies have been tendered in payment of the Four Seasons judgment, the payoff amount of which is $54,963.98. In addition, no documents or records have been provided to plaintiff's counsel in contravention of the preliminary injunction. Finally, defendant Haseotes admitted to me this week that Midland is operating and monies are being paid to other creditors.

Our Motion for Contempt will be filed shortly. Please govern yourself accordingly.

Very Truly Yours,

Mary Jean Fassett

Enclosure
cc: John J. Hartigan (via facsimile 978-937-5383)
    Demetrios Haseotes
    Dale Steenburgh

EXHIBIT _A_

```
TRANSMISSION VERIFICATION REPORT

                                          TIME  : 09/30/2004 13:22
                                          NAME  : MCCARRON AND DIESS
                                          FAX   : 2023642731
                                          TEL   : 2023640400
                                          SER.# : BROL1J759673


DATE,TIME            09/30  13:20
FAX NO./NAME         14014907874
DURATION             00:01:32
PAGE(S)              06
RESULT               OK
MODE                 STANDARD
```

# McCarron & Diess
### THE MILLER BUILDING
### 4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
### WASHINGTON, D.C. 20016
### (202) 364-0400   FAX (202) 364-2731
### www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*□
Mary Jean Fassett*°

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
° Also admitted in VA
□ Not admitted in DC

## FACSIMILE COVER SHEET

| | |
|---|---|
| DATE: | September 30, 2004 |
| ATTENTION: | Michael A. Kelly, Esq. |
| FAX NUMBER: | 401-490-7874 |
| FROM: | Mary Jean Fassett |
| CC: | Jay Hartigan (978-937-5383) |
| NO. OF PAGES INCLUDING COVER SHEET: | 6 |
| FAX OPERATOR: | MJF |
| RE: | Four Seasons v. Midland |

REMARKS:

From: Origin ID: (202)364-0400
S.ROSS
MCCARRON & ASSOCIATES
4910 MASSACHUSETTS AVENUE, NW
SUITE 18
WASHINGTON, DC 20016



Ship Date: 30SEP04
Actual Wgt: 1 LB
System#: 3069228/INET1900
Account#: S *********

REF: four seasons/midland

Delivery Address Bar Code

SHIP TO: (401)333-5197    BILL SENDER
**Demetrios Haseotes**

**Midland Farms**
**80 Fairhaven Road**
**Cumberland, RI 02864**



STANDARD OVERNIGHT    FRI
Deliver By:
TRK# 7902 8952 6273    FORM 0201    01OCT04

PVD    AA

02864   -RI-US

EN WSTA

Shipping Label: Your shipment is complete
1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



United States Home    Information Center | Custom

Search

Package/Envelope Services | Office/Print Services | Freight Services | Expedited Servi

Ship | Track | Manage My Account | International Tools

## Track Shipments
### Detailed Results

Printable Version    Quick Help

You can also track:
- FedEx Trad shipments
- By Email Tr
- By FedEx V Solutions

| | | | | |
|---|---|---|---|---|
| Tracking number | 790289526273 | Reference | four seasons/midland | |
| Signed for by | Signature release on file | Delivery location | CUMBERLAND, RI | |
| Ship date | Sep 30, 2004 | Delivered to | Residence | |
| Delivery date | Oct 1, 2004 12:01 PM | Service type | Standard Envelope | |
| | | Weight | 1.0 lbs. | |

**Status**    Delivered

Wrong Address? Reduce future mistal FedEx Address Che

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Oct 1, 2004 | 12:01 PM | Delivered | CUMBERLAND, RI | Left at front door. No signature required - release waiver on file Departed location |
| | 8:46 AM | In transit | NEWARK, NJ | |
| | 8:22 AM | On FedEx vehicle for delivery | WARWICK, RI | |
| | 7:44 AM | At local FedEx facility | WARWICK, RI | |
| | 12:27 AM | In transit | NEWARK, NJ | |
| Sep 30, 2004 | 9:24 PM | Left origin | WASHINGTON, DC | |
| | 6:03 PM | Picked up | WASHINGTON, DC | |
| | 12:29 PM | Package data transmitted to FedEx; package not in FedEx possession | | |

Shipping Freight? FedEx has LTL, air surface and air exp multi piece packagi and ocean freight.

[ Signature proof ]    [ Track more shipments ]

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click **Send email**.

Add a message to this email.

From
To

[ Send email ]

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2004 FedEx

From: Origin ID: (202)364-0400
S.ROSS
MCCARRON & ASSOCIATES
4910 MASSACHUSETTS AVENUE, NW
SUITE 18
WASHINGTON, DC 20016



Ship Date: 30SEP04
Actual Wgt: 1 LB
System#: 3069228/INET1900
Account#: S \*\*\*\*\*\*\*\*\*

REF: four seasons/midland

Delivery Address Bar Code

SHIP TO: (518)346-0310    BILL SENDER
Dale Steenburgh

1528 Wyoming Avenue

Schenectady, NY 12309



STANDARD OVERNIGHT     FRI
Deliver By: 01OCT04

TRK# 7927 4325 9477   FORM 0201

ALB   A1

12309   -NY-US   EB SCHA



Shipping Label: Your shipment is complete
1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



United States Home                                  Information Center | Custom

**Package/Envelope Services** | Office / Print Services | Freight Services | Expedited Servi

Ship | **Track** | Manage My Account | International Tools

## Track Shipments
## Detailed Results

🖨 Printable Version     ❓ Quick Help

| | | | | |
|---|---|---|---|---|
| Tracking number | 792743259477 | Reference | four seasons/midland | You can also track:<br>• FedEx Trad shipments<br>• By Email Tr<br>• By FedEx V Solutions |
| Signed for by | Signature release on file | Delivery location | SCHENECTADY, NY Residence | |
| Ship date | Sep 30, 2004 | Delivered to | | |
| Delivery date | Oct 1, 2004 1:24 PM | Service type | Standard Envelope | |
| | | Weight | 1.0 lbs. | |

**Status**    Delivered

Wrong Address?
Reduce future mistal
FedEx Address Che

| Date/Time | | Activity | Location | Details | |
|---|---|---|---|---|---|
| Oct 1, 2004 | 1:24 PM | Delivered | SCHENECTADY, NY | Left at front door. No signature required - release waiver on file | Shipping Freight? FedEx has LTL, air surface and air exp multi piece package and ocean freight. |
| | 7:55 AM | On FedEx vehicle for delivery | MENANDS, NY | | |
| | 7:06 AM | At local FedEx facility | MENANDS, NY | | |
| | 12:27 AM | In transit | NEWARK, NJ | | |
| Sep 30, 2004 | 9:24 PM | Left origin | WASHINGTON, DC | | |
| | 6:03 PM | Picked up | WASHINGTON, DC | | |
| | 12:31 PM | Package data transmitted to FedEx; package not in FedEx possession | | | |

[ Signature proof ]   [ Track more shipments ]

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click **Send email**.

From

To

Add a message to this email.

[ Send email ]

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2004 FedEx

From: Origin ID: (202)364-0400
S.ROSS
MCCARRON & ASSOCIATES
4910 MASSACHUSETTS AVENUE, NW
SUITE 18
WASHINGTON, DC 20016



Ship Date: 12OCT04
Actual Wgt: 1 LB
System#: 3069228/INET1900
Account#: S *********

REF: Four Seasons/Midland



Delivery Address Bar Code

SHIP TO: (978)441-9900       BILL SENDER
John J. Hartigan, Esq.
Flood & Hartigan
81 Bridge Street

Lowell, MA 01852



STANDARD OVERNIGHT                    WED
                                       Deliver By:
TRK# 7907 9460 7332   FORM 0201       13OCT04
                                    BOS    A2
01852   -MA-US
                              ZB FOXA



---

**Shipping Label: Your shipment is complete**

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# McCARRON & DIESS

4900 MASSACHUSETTS AVENUE, N.W., SUITE 310
WASHINGTON, D.C. 20016
(202) 364-0400  FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*¤
Mary Jean Fassett*°

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
° Also admitted in VA
¤ Not admitted in DC

## FACSIMILE COVER SHEET

DATE:            December 1, 2004

ATTENTION:       Michael A. Kelly, Esq.

FAX NUMBER:      401-490-7874

FROM:            Mary Jean Fassett

CC:              Jay Hartigan (978-937-5383)

NO. OF PAGES INCLUDING COVER SHEET:  1

FAX OPERATOR:

RE:              Midland

COMMENTS:

### Confidentiality Notice

This facsimile communication is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential. If the reader of this cover page is not the addressee, or the employee or agent of the addressee, please be advised that any dissemination, distribution, or copying of this communication is strictly prohibited. If you receive this facsimile in error, please notify us immediately by telephone, and mail this facsimile to us at the address above. Thank you.

**IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION, PLEASE CALL IMMEDIATELY AT (202) 364-0400 AND ASK FOR THE TELECOPIER OPERATOR.**

EXHIBIT ___B___

# McCarron & Diess

4900 MASSACHUSETTS AVENUE, N.W., SUITE 310
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*¤
Mary Jean Fassett*°

mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
° Also admitted in VA
¤ Not admitted in DC

December 1, 2004

*VIA FACSIMILE (401-490-7874)*

Michael A. Kelly, Esq.
Law Offices of Michael A. Kelly
55 Pine Street
Suite 5000
Providence, Rhode Island 02903

   RE: *Four Seasons Produce, Inc. v. Midland Farms*
      *Civil Action No. 1:04-CV-11437*

Dear Mr. Kelly:

This is to confirm that Plaintiff's Motion for Contempt was withdrawn from yesterday's docket in consideration of our agreement to the following payment schedule with respect to the unpaid judgment balance due of $19,963.98:

  $5,000.00 on 11-30-04, receipt of which is hereby acknowledged.

  $5,000.00 on 12-03-04.

  $9,963.98 on or before 12-22-04.

Plaintiff's Motion for Contempt will be re-filed immediately upon the failure of defendants to make any of the foregoing payments on time, along with a request for additional attorneys fees and costs.

Thank you for your assistance in resolving this matter.

              Very Truly Yours,

              Mary Jean Fassett

cc: John J. Hartigan, Esq. *(via facsimile 978-937-5383)*

```
                    TRANSMISSION VERIFICATION REPORT

                                                TIME   : 12/01/2004 03:49
                                                NAME   : MCCARRON AND DIESS
                                                FAX    : 2023642731
                                                TEL    : 2023640400
                                                SER. # : BROL1J759673


    DATE,TIME                                   12/01  03:48
    FAX NO./NAME                                14014907874
    DURATION                                    00:00:48
    PAGE(S)                                     02
    RESULT                                      OK
    CHECK READABILITY OF TRANSMITTED PAGE(S)    01
    MODE                                        STANDARD
```

# McCARRON & DIESS

4900 MASSACHUSETTS AVENUE, N.W., SUITE 310
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*□
Mary Jean Fassett*°

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
° Also admitted in VA
□ Not admitted in DC

## FACSIMILE COVER SHEET

DATE:             December 1, 2004

ATTENTION:        Michael A. Kelly, Esq.

FAX NUMBER:       401-490-7874

FROM:             Mary Jean Fassett

CC:               Jay Hartigan (978-937-5383)

NO. OF PAGES INCLUDING COVER SHEET: 1

FAX OPERATOR:

RE:               Midland

---

COMMENTS:

```
                    TRANSMISSION VERIFICATION REPORT

                                          TIME  : 12/01/2004 03:57
                                          NAME  : MCCARRON AND DIESS
                                          FAX   : 2023642731
                                          TEL   : 2023640400
                                          SER.# : BROL1J759673

    DATE,TIME              12/01  03:56
    FAX NO./NAME           19789375383
    DURATION               00:00:34
    PAGE(S)                02
    RESULT                 OK
    MODE                   STANDARD
                           ECM
```

Stephen P. McCarron*
Louis W. Diess, III*□
Mary Jean Fassett*◊

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

# McCarron & Diess

4900 MASSACHUSETTS AVENUE, N.W., SUITE 310
WASHINGTON, D.C. 20016
(202) 364-0400  FAX (202) 364-2731
www.mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
◊ Also admitted in VA
□ Not admitted in DC

## FACSIMILE COVER SHEET

DATE:             December 1, 2004

ATTENTION:        Michael A. Kelly, Esq.

FAX NUMBER:       401-490-7874

FROM:             Mary Jean Fassett

CC:               Jay Hartigan (978-937-5383)

NO. OF PAGES INCLUDING COVER SHEET: 1

FAX OPERATOR:

RE:               Midland

COMMENTS: